ERIC J. TROUTMAN (State Bar No. 229263)
ejt@severson.com
DAVID A. BERKLEY (State Bar No. 260105)
db@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO DEALER SERVICES,
A Division of Wells Fargo Bank, N.A.
(erroneously sued as Wells Fargo Dealer Services); and NADINE GARCIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

ANTHONY W. RECTOR,

Plaintiff,

vs.

WELLS FARGO DEALER SERVICES; NADINE GARCIA; AND DOES 1 through 10 Inclusive,

Defendants.

Case No. 2:13-cv-05288 DSF (MANx)
Hon. Dale S. Fischer
Ctrm. 840

**WELLS FARGO DEALER SERVICES' AND NADINE GARCIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**Federal Rule Civ. Proc. 56**

Date: May 12, 2014
Time: 1:30 p.m.
Ctrm.: 840

Action Filed: August 8, 2013
Trial Date: August 19, 2014

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. PERTINENT UNCONTROVERTED FACTS .......... 1

III. SUMMARY JUDGMENT STANDARD .......... 2

IV. ARGUMENT .......... 3

- A. Plaintiffs' TCPA Claim Fails .......... 3
- B. Plaintiff's FDCPA Claim Lacks Merit .......... 5
  - 1. Wells Fargo is not a "Debt Collector" Under the FDCPA .......... 5
  - 2. Wells Fargo Did Not Harass the Plaintiff .......... 7
- C. Plaintiff has not Adequately Pled a Cause of Action for Invasion of Privacy .......... 7

V. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adickes v. S. H. Kress & Co.*,
398 U.S. 144 (1970) .......... 3

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......... 3, 4

*In re Barboza*,
545 F.3d 702 (9th Cir. 2008) .......... 3

*Buslepp v. B & B Entm't*,
No. 12–60089–CIV, 2012 WL 4761509 (S.D. Fla. Oct. 05, 2012) .......... 4

*Buslepp v. Improv Miami, Inc.*,
No. 12–60171–CIV, 2012 WL 4932692 (S.D. Fla. Oct. 16, 2012) .......... 4

*Carman v. CBE Grp., Inc.*,
782 F. Supp. 2d 1223 (D. Kan. 2011) .......... 7

*Castellanos v. JPMorgan Chase & Co.*,
No. No. 09-CV-00969, 2009 WL 1833981 (S.D. Cal. June 23, 2009) .......... 9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 3

*Chavious v. CBE Group, Inc.*,
10-CV-1293 JS ARL, 2012 WL 113509 (E.D.N.Y., Jan. 13, 2012 ) .......... 7

*Detersa v. Am. Broad. Co., Inc.*,
121 F.3d 460 (9th Cir. 1997) .......... 8

*Dues v. Capital One, N.A.*,
No. 11–CV–11808, 2011 WL 3799762 (E.D. Mich. Aug. 08, 2011) .......... 6

*Gelakoski v. Colltech, Inc.*,
No. 12–498, 2013 WL 136241 (D. Minn. Jan. 10, 2013) .......... 5

*Gragg v. Orange Cab Co., Inc.*,
--- F. Supp. 2d ----, No. C12–0576RSL, 2014 WL 494862 (W.D. Wash. Feb. 07, 2014) .......... 4

*Hamberg v. JP Morgan Chase Bank*,
No. 3:09-cv-02860, Dkt. # 18 .......... 9

*Kleiman v. Equable Ascent*,
No. CV 12–9729, 2013 WL 49754 (C.D. Cal. Jan. 03 2013) (Snyder, J.) .......... 8

*Lynch v. Nelson Watson & Assocs., LLC*,
No. 10–2025–EFM, 2011 WL 2472588 (D. Kan. June 21, 2011) .......... 7

*Marich v. MGM/UA Telecomm., Inc.*,
113 Cal.App.4th 415 (Cal. Ct. App. 2003) .......... 8

*Marseglia v. JP Morgan Chase Bank*
(S.D. Cal. 2010) 750 F. Supp. 2d 1171 .......... 9

*Meyer v. Portfolio Recovery Assocs.*,
707 F.3d 1036 (9th Cir. 2012) .......... 4

*Nigro v. Mercantile Adjustment Bureau, LLC*,
No. 10–CV–1037S, 2013 WL 951497 (W.D.N.Y. March 12, 2013) .......... 7

*Perry v. Stewart Title Co.*,
756 F.2d 1197 (5th Cir. 1985) .......... 6

*Smith v. Capital One Fin. Corp.*,
No. C 11–3425, 2012 WL 1669347 (N.D. Cal. May 11, 2012) .......... 9

*Taus v. Loftus*,
40 Cal.4th 683 (Cal. 2007) .......... 8

*Wadlington v. Credit Acceptance Corp.*,
76 F.3d 103 (6th Cir. 1996) .......... 6

**Statutes**

15 U.S.C.A. § 1692a(6) .......... 6

27 U.S.C. § 227(b)(1)(A)(iii) .......... 4

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 .......... 1, 5, 6

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. .......... 1, 3, 4, 5

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................... 2, 3

**PLEASE TAKE NOTICE** that on May 12, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 840 of the above-entitled Court, located at Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street Los Angeles, CA 90012-3332, Defendants WELLS FARGO DEALER SERVICES, A DIVISION OF WELLS FARGO BANK, N.A., and NADINE GARCIA will move for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56 on each of the claims in the Complaint.

This Motion is made on the ground that the undisputed facts show that Defendants are entitled to judgment as a matter of law as to each of the claims of the Complaint. Specifically, Wells Fargo Dealer Services did not place any autodialed calls to the Plaintiff's cell phone number. Moreover the volume of manually dialed calls to Mr. Rector's phone is extremely limited and no reasonable juror could find that Wells Fargo Dealer Services violated the FDCPA by placing the handful of calls that Mr. Rector received.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the declarations filed concurrently herewith, the Proposed Statement of Uncontroverted Facts and Conclusions of Law, and the pleadings and records on file in this action.

The motion is also made following the conference of counsel required by Local Rule 7-3. (See Declaration of David A. Berkley, at ¶ 4.)

DATED: April 4, 2014

SEVERSON & WERSON
A Professional Corporation

By: */s/ David A. Berkley*
Eric J. Troutman
David A. Berkley

Attorneys for Defendants
WELLS FARGO DEALER SERVICES, A Division of Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo Dealer Services); and NADINE GARCIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Anthony W. Rector ("Plaintiff" or "Rector") brings suit against Defendants Wells Fargo Dealer Services, a Division of Wells Fargo Bank, N.A. ("Wells Fargo") and Nadine Garcia ("Garcia") (collectively "Defendants") alleging three causes of action: violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and a common law claim for Invasion of Privacy (intrusion upon seclusion). All three causes of action stem from phone calls purportedly placed by Defendants to Plaintiff's cellular telephone number. Plaintiff's claims lack merit and Defendants are entitled to summary judgment.

First, Plaintiff's claim under the TCPA fails because it is indisputable that Defendants did not use an Automated Telephone Dialing System ("ATDS") to dial Plaintiff's cellular telephone number. Yet only calls made using an ATDS are actionable under the TCPA. Because Defendants did not utilize such a system, Plaintiff's claim fails.

Similarly, Plaintiff's claim for violation of the FDCPA cannot succeed because Defendants are not "debt collectors" within the meaning of that statue, and the act is therefore inapplicable to this case. Moreover, as Plaintiff's claim is based on "harrassment" it is doomed to failure as Wells Fargo placed only five calls to the Plaintiff's cell phone number (and Defendant Nadine Garcia placed only one.)

Finally, Plaintiff's claim for invasion of privacy fails because i) Wells Fargo did not intentionally intrude on a place of seclusion; and ii) no reasonable juror could conclude that Wells Fargo's conduct of placing five phone calls over a three month period was an "unreasonable" intrusion.

## II. PERTINENT UNCONTROVERTED FACTS

Plaintiff is an individual who was listed as a reference on a credit application

submitted by a Wells Fargo Dealer Services customer named "Thomas" in February 2012. (Uncontroverted Fact ("UF") 1.) The application listed Plaintiff's number as (424) xxx-1743 (UF No. 2). By December, 2012, "Thomas" was delinquent on her account with Wells Fargo Dealer Services and it began placing collection calls. (UF No. 3).

Wells Fargo's records reflect that it placed a total of five calls to the (424) xxx-1743 number. (UF No. 4). The earliest such call was December, 2012. (UF No. 5). Importantly, none of the calls placed to Plaintiff's phone number were placed using an autodialer. (UF No. 6) Further, none of the calls placed to Plaintiff's phone number were placed using an automated or pre-recorded voice. (UF No. 7).

All of the calls placed by Wells Fargo to Plaintiff's cell phone were placed to discuss the "Thomas" account. (UF No. 8).

Defendant Nadine Garcia placed only one call to the (424) xxx-1743 number and it was manually dialed. (UF No. 9).

Plaintiff contends that he received calls from Wells Fargo Dealer Services on three numbers : (a) 818-313-7704, (b) 562-612-4312, and (c) 562-263-2121. (UF No. 10.) Only one of these numbers, 818-313-7704, is utilized by Wells Fargo Dealer Services. (UF No. 11.) Plaintiff contends that the alleged phone calls were made only to his cellular telephone number: (424) xxx-1743. (UF No. 12.)

## III. SUMMARY JUDGMENT STANDARD

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 56, which authorizes a party to move for summary judgment as to all or part of an action brought against it. As Rule 56 makes plain, the judgment sought shall be rendered if the pleadings together with any other evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is appropriate where, as here, "there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party presents evidence which, if uncontroverted, would entitle the moving party to a directed verdict at trial, the burden then shifts to the respondent to "set forth specific *facts* demonstrating there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986) (emphasis added). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248).

The moving party need not "produce evidence showing the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 325. Rather, the moving party meets its burden on summary judgment by "pointing out to the district court … that there is an absence of evidence to support the nonmoving party's case." *Id.*

As explained below, the undisputed evidence shows that there is no genuine issue as to any material fact and Defendants are entitled to summary judgment in their favor, or, in the alternative, partial summary judgment.

## IV. ARGUMENT

### A. Plaintiffs' TCPA Claim Fails

Plaintiff alleges that Wells Fargo used "artificial and/or prerecorded voice technology" to contact his cell phone. (Compl., ¶¶ 10, 15-16.) The TCPA makes it unlawful "to make any call (other than a call made … with prior express consent of the called party) using any automatic telephone dialing system or an artificial or

prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . ." 27 U.S.C. § 227(b)(1)(A)(iii). The Ninth Circuit has observed that this provision requires a Plaintiff to demonstrate that the defendant used an *automated telephone dialing system* (ATDS). *See Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."). "Equipment is an ATDS if it either has 'the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers,' . . . or is a predictive dialer with the capacity to dial telephone numbers from a list without human intervention." *Gragg v. Orange Cab Co., Inc.*, --- F. Supp. 2d ----, No. C12–0576RSL, 2014 WL 494862, at *2 (W.D. Wash. Feb. 07, 2014) (citations omitted).

In order to maintain his TCPA claim, the burden is squarely on Plaintiff to affirmatively put forth evidence that Defendants in fact used an ATDS to contact his cell phone. *See, e.g.*, *Buslepp v. Improv Miami, Inc.*, No. 12–60171–CIV, 2012 WL 4932692, at *2 (S.D. Fla. Oct. 16, 2012) ("It is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS [to contact his cell phone] . . ."); *Buslepp v. B & B Entm't*, No. 12–60089–CIV, 2012 WL 4761509, at *4 (S.D. Fla. Oct. 05, 2012) ("[T]o establish a TCPA violation, Plaintiff must demonstrate that the Defendant [contacted] a number assigned to a cellular telephone service using an automatic dialing system.").[1]

---

[1] Plaintiff cannot maintain his TCPA claim solely on the basis of the conclusory allegations in the complaint regarding Defendants' use of "artificial and/or prerecorded voice technology." *See Anderson*, 477 U.S. at 248 (making clear that the non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.") (citation omitted).

Plaintiff cannot make such a showing here. Wells Fargo Dealer Services maintains comprehensive records of all calls placed by its dialers. Declaration of Tim Rae ("Rae Dec."), ¶ 2. These records date back to 2008. *Ibid*. Wells Fargo Dealer Services has searched its records and confirmed that none of the calls placed to Plaintiff's cell phone number were launched by its dialers. Rae Dec., ¶¶ 3-6. Moreover Wells Fargo Dealer Services lacks the ability to use pre-recorded or automated voice technology unless a call is launched by its dialer. Rae Dec., ¶¶ 6-7. This is consistent with the recollection of the collection agent who has been personally named in this litigation. Declaration of Nadine Garcia ("Garcia Dec."), ¶ 7. Hence, it cannot be disputed that Wells Fargo Dealer Services did not use a dialer or pre-recorded voice to make any call to the Plaintiff.

Thus, Plaintiff's TCPA claim fails and summary judgment should be granted in favor of Wells Fargo on this count. *See Gelakoski v. Colltech, Inc.*, No. 12–498, 2013 WL 136241, at *3 (D. Minn. Jan. 10, 2013) (granting defendant's motion for summary judgment on TCPA claim where plaintiff failed to offer any evidence, aside from conclusory assertions in the complaint, that defendant used an ATDS).

**B. Plaintiff's FDCPA Claim Lacks Merit**

On the basis of the same facts, Plaintiff asserts a cause of action for violation of the FDCPA, claiming that Defendants acted with "the intent to annoy and harass" and that they "repeatedly communicat[ed with] Plaintiff at inconvenient times." (Compl. ¶¶ 11-12.) Plaintiff's claim fails for two reasons: i) Wells Fargo is not a "debt collector" under the act; and ii) Wells Fargo's call volumes come nowhere near the level necessary to demonstrate "harassment."

**1. Wells Fargo is not a "Debt Collector" Under the FDCPA**

Plaintiff's claim is not viable as a matter of law. Defendants are not "debt

collectors" as that term is defined by the statute.[2] Indeed, any alleged calls placed to Plaintiff were in connection with the Thomas account, an account owing to Defendant Wells Fargo itself. Furthermore, the undisputed evidence makes clear that although the Thomas account was assigned to Wells Fargo by a third-party, the assignment was made at the same time the account was created – that is, the account was not delinquent or in default when it was assigned. *See* Garcia Dec., ¶ 8. As such, the FDCPA is inapplicable to Defendants. *See, e.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-108 (6th Cir. 1996) (holding that company to which car dealership had assigned its consumers' installment sales contracts for purchase of vehicles was not a debt collector under the FDCPA; even if car dealership rather than assignee was consumers' creditor, the statute's definition of debt collector specifically excluded persons collecting debt owed to another to the extent that the activity concerned debt that was not in default at time it was obtained by the assignee, and assignee had been assigned the debts before the consumers' accounts became delinquent); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (observing that, for the purposes of the FDCPA, "a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned").[3]

---

[2] *See* 15 U.S.C.A. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*.") (emphasis added).

[3] *See also Dues v. Capital One, N.A.*, No. 11–CV–11808, 2011 WL 3799762, at *3 (E.D. Mich. Aug. 08, 2011) ("[P]urchasers and servicers of a debt are exempted from the FDCPA if the debt is obtained when the debt was not in default . . . . '[a]n entity that acquires a current, non-defaulted debt in order simply to continue servicing it is acting much like the original creditor that created the debt.'") (citations omitted).

### 2. Wells Fargo Did Not Harass the Plaintiff

Plaintiff complains he was harassed by the five calls placed by Wells Fargo. The calls were placed at the following date and time (pacific):

1. December 4, 2012 at 7:05 PM.
2. April 9, 2013 at 7:26 PM.
3. April 16, 2013 at 7:22 PM.
4. May 15, 2013 at 5:48 PM.
5. July 16, 2013 at 12:37 PM.

These five calls were not placed at inconvenient times and absolutely do not reach the volume of calls necessary to constitute actionable harassment. See e.g. *Nigro v. Mercantile Adjustment Bureau, LLC*, No. 10–CV–1037S, 2013 WL 951497, *2 (W.D.N.Y. March 12, 2013) ("Defendant correctly asserts that, under the circumstances of this case, the 72 phone calls in a nine-month period are insufficient as a matter of law to establish a violation of § 1692d(5)"); *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) (over 140 calls in two month period insufficient to establish violation where record lacked any evidence of egregious con-duct); *Chavious v. CBE Group, Inc.*, 10-CV-1293 JS ARL, 2012 WL 113509, *2 (E.D.N.Y., Jan. 13, 2012 ) (defendant entitled to summary judgment where 36 calls in less than two months were made at reasonable times and not immediately following another); *Lynch v. Nelson Watson & Assocs., LLC*, No. 10–2025–EFM, 2011 WL 2472588, *2 (D. Kan. June 21, 2011) (56 calls in three month period, without more, insufficient to establish violation).

Hence Defendants are entitled to summary judgment.

## C. Plaintiff has not Adequately Pled a Cause of Action for Invasion of Privacy

Plaintiff's third and final cause of action for invasion of privacy (intrusion upon seclusion) is woefully deficient and fails as a matter of law.

In order to make out a cognizable claim for invasion of privacy under

California law, a plaintiff must demonstrate that: (1) the defendant *intentionally* intruded upon the solitude or seclusion, private affairs or concerns of the plaintiff; (2) the intrusion was *substantial*, and of a kind that would be *highly offensive* to an ordinarily reasonable person; and (3) the intrusion caused the plaintiff to sustain injury, damage, loss or harm. *See, e.g., Taus v. Loftus*, 40 Cal.4th 683, 724-725 (Cal. 2007); *Marich v. MGM/UA Telecomm., Inc.*, 113 Cal.App.4th 415, 421 (Cal. Ct. App. 2003).

"The requirement that an intrusion be highly offensive is an important limit on the tort of invasion of privacy because it prevents this tort from 'becoming an all-encompassing and always litigable assertion of individual right.'" *Kleiman v. Equable Ascent*, No. CV 12–9729, 2013 WL 49754, at *3 (C.D. Cal. Jan. 03 2013) (Snyder, J.) (citation omitted). In ascertaining what constitutes "highly offensive" conduct, courts consider a number of factors, such as "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Detersa v. Am. Broad. Co., Inc.*, 121 F.3d 460, 465 (9th Cir. 1997) (citing *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1 (1994)). As the Ninth Circuit has observed:

> While what is 'highly offensive to a reasonable person' suggests a standard upon which a jury would properly be instructed, there is a preliminary determination of 'offensiveness' which must be made by the court in discerning the existence of a cause of action for intrusion . . . . If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law.

*Detersa*, 121 F.3d at 465 (citing *Sanders v. Am. Broad. Cos.*, 52 Cal.App.4th 543 (Cal. Ct. App. 1997)) (quotation marks omitted).

Here Wells Fargo placed five calls to Plaintiff's cell phone number. Each was placed with a legitimate business purpose and without the intent to harass or annoy him. Numerous courts have found that a claim for intrusion upon seclusion cannot

be sustained based on such a meager showing. *See, e.g.*, *Smith v. Capital One Fin. Corp.*, No. C 11–3425, 2012 WL 1669347, at *4 (N.D. Cal. May 11, 2012) ("Allegations of a lender calling a debtor regarding payment due on a loan extended to the debtor, without more, have been found insufficient to state a claim for invasion of privacy above a speculative level . . . . Thus, the allegations that [Defendants] merely called or attempted to call plaintiff numerous times in connection with her debt do not state a claim for invasion of privacy.") (citation omitted); *Marseglia v. JP Morgan Chase Bank* (S.D. Cal. 2010) 750 F. Supp. 2d 1171, 1177-78 (finding no invasion of privacy where there were no allegations that defendant ever actually spoke with plaintiffs; the number of calls in itself -- 50 calls per week, including some calls early in the morning or late at night – was insufficient, as a matter of law, to be highly offensive); *Hamberg v. JP Morgan Chase Bank*, No. 3:09-cv-02860, Dkt. # 18, p. 4 (S.D. Cal. Apr. 05, 2010) (dismissing invasion of privacy claim based on 66 phone calls because plaintiffs failed to plead facts indicating that the calls would be highly offensive to a reasonable person); *Castellanos v. JPMorgan Chase & Co.*, No. No. 09-CV-00969, 2009 WL 1833981, at *10 (S.D. Cal. June 23, 2009) ("Plaintiff fails to allege the content of any of the calls placed to Plaintiff . . . and what was highly offensive about such calls. Allegations of a lender calling a debtor concerning a home equity loan extended to the debtor . . . without more is not enough to state a claim for invasion of privacy above a speculative level.").

Accordingly Defendants are entitled to summary judgment on Plaintiff's claim.

## V. CONCLUSION

For the foregoing reasons, Defendants are entitled to summary judgment, or in the alternative, partial summary judgment, in their favor.

DATED: April 4, 2014

SEVERSON & WERSON
A Professional Corporation

By: */s/ David A. Berkley*
Eric J. Troutman
David A. Berkley

Attorneys for Defendants
WELLS FARGO DEALER SERVICES, A Division of Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo Dealer Services); and NADINE GARCIA