UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–5288 DSF (MANx) | Date | 5/12/14 |
|---|---|---|---|
| Title | Anthony W. Rector v. Wells Fargo Dealer Services, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Defendants' Motion for Summary Judgment (Docket No. 26)

   Plaintiff Anthony W. Rector brings claims against Defendants for invasion of privacy, and for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227, et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.  UNDISPUTED FACTS[1]

   Rector was listed as a reference on a credit application submitted by a Wells Fargo Dealer Services (Wells Fargo) customer named Thomas in February 2012.  (Statement of Uncontroverted Facts (SUF) ¶ 1.)  By December 2012, Thomas became delinquent on her account and Wells Fargo began placing collection calls.  (Id. ¶ 3.)  Wells Fargo asserts

---

[1] Rector has failed to file a statement of genuine disputes in response to Defendants' statement of uncontroverted facts, as required by Local Rule 56-2 and this Court's standing order.  He has, however, submitted a declaration at the end of his Opposition stating that "the foregoing is true and correct."  The declaration is defective in that it is made under penalty of perjury under the "laws of the State of California."  Nevertheless, the Court has assumed to be true the factual statements contained in the Opposition of which Rector would have personal knowledge.  Summary judgment is warranted even assuming the truth of those facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

that, according to its records, it placed a total of five calls to Rector's cell phone to discuss the Thomas account beginning in December 2012. (Id. ¶¶ 4-5, 8.) None of these calls were placed using an autodialer or an automated or pre-recorded voice. (Id. ¶¶ 6-7.) Defendant Nadine Garcia, a Wells Fargo employee, placed one of these calls to Rector's cell phone; that call was manually dialed. (Id. ¶ 9.) Rector contends that he received additional calls from Wells Fargo, but Wells Fargo states that those calls came from phone numbers it does not use. (Id. ¶ 10-11.)

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the moving party has the burden of proof at trial, it must establish "beyond controversy every essential element" of its claim. So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted). "This burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1). In ruling on a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party. Nolan v. Heald College, 551 F.3d 1148, 1154 (9th Cir. 2009).

## III. DISCUSSION

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).[2] An "automatic telephone dialing system" is "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Defendants have provided evidence that they did not make any calls to Rector using such a system. (Decl. of Tim Rae ¶¶ 2-6.) Rector puts forward no evidence to

---

[2] The TCPA also prohibits the use of "an artificial or prerecorded voice" in phone calls. 47 U.S.C. §§ 227(b)(1)(A). In his Opposition, Rector does not appear to contest that none of the calls at issue violated this provision. (SUF ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

dispute this, but only suggests that "[m]ost debt collectors" use such systems. (Opp'n 7.) Rector further argues that nearly all phones that exist today have the capacity to store and dial telephone numbers. (Opp'n 6-7.) Even if this is true, there is no evidence that most telephones – much less those used by Wells Fargo – use a random or sequential number generator, as required to establish a violation of the TCPA.

Rector's FDCPA claim fails because Defendants, as a matter of law, are not debt collectors. The FDCPA excludes from the definition of debt collectors "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such a person." 15 U.S.C. § 1692a(6)(F). Defendants have put forward evidence showing that the Thomas account was assigned to Wells Fargo in February 2012, (Decl. of Nadine Garcia ¶ 9, Ex. C), before the account went into default. Indeed, the first payment on the account was not due until March 15, 2012. (See id., Ex. B.) "It follows as a matter of logic that a debt not yet payable cannot be in default." De Dios v. Int'l Realty & Invs., 641 F.3d 1071, 1074 (9th Cir. 2011). Again, Rector has provided no evidence to dispute this.

Finally, Rector alleges the tort of intrusion upon seclusion based on Defendants' debt collection calls. Rector attempts to dispute Defendants' assertion that they placed only five phone calls to Rector's cell phone by attaching to his Opposition what appears to be more than forty pages of telephone records. But even assuming the truth of Rector's assertion that Defendant Garcia called him approximately forty times, (Opp'n 8), summary judgment is nonetheless warranted. Under California law, intrusion upon seclusion is actionable " if the intrusion would be highly offensive to a reasonable person." Deteresa v. Am. Broad. Cos., 121 F.3d 460, 465 (9th Cir. 1997) (citation and quotation marks omitted). In determining whether the intrusion is highly offensive, courts consider "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1483-84 (1986). Although some district courts have found that repeated debt collection calls can serve as a basis for a claim for intrusion upon seclusion, such a claim cannot succeed where, as here, the plaintiff has not shown "that the content of [his] conversations with defendants [were] upsetting or annoying," or that "plaintiff answered the phone or was able to answer the phone when the calls were made," or that "the calls were made within such a short period of time of one another that they became highly offensive." Kleiman v. Equable Ascent, No. CV 12-9729 CAS (AJWx), 2013 WL 49754, at *4 (C.D. Cal. Jan. 3, 2013); see also Smith v. Capital One Fin. Corp., No. C 11-3425 PJH, 2012 WL 1669347, at *4 (N.D. Cal. May 11, 2012) ("Allegations of a lender calling a debtor regarding payment due on a loan extended to the debtor, without more, have been found insufficient to state a claim for invasion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

privacy above a speculative level."); cf. Fausto v. Credigy Servs. Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) (denying summary judgment where plaintiffs provided evidence that defendants called their home over ninety times, that defendants failed to identify themselves while calling, and that defendants would call back immediately after plaintiffs hung up the phone).

## IV.  CONCLUSION

Plaintiff has not shown there is any genuine issue for trial.  Defendants' motion for summary judgment is GRANTED in its entirety.

IT IS SO ORDERED.